Christine A. Kingston, SBN 256503
Surf City Lawyers, APC
5882 Bolsa Ave., Ste. 130
Huntington Beach, CA 92649
Tel: (714) 533-9210
Fax: (714) 547-0165
Christine@surfcitylawyers.com
*Attorney for Plaintiff*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT CALIFORNIA LOS ANGELES

| | |
|---|---|
| In re:<br><br>Douglas A. Greer,<br><br>Debtor, | Case No.:   2:19-bk-16071-WB<br><br>Chapter 13 |
| Douglas A. Greer,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF EDUCATION, WELLS FARGO BANK, N.A.<br><br>Defendants. | **COMPLAINT FOR: DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(8)** |

## COMPLAINT

1. Plaintiff and Debtor Douglas A. Greer ("Debtor") brings this adversary proceeding seeking an order determining that the student loan debt poses an undue hardship under 11 U.S.C. §523 (a)(8) and is thus dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B) and under 11 U.S.C. § 727.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 and Local Bankruptcy Rule 7008. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

*Mr. Greer's History*

1. Mr. Greer obtained federal and private educational loans from approximately September 15, 2010 through January 23, 2018, borrowing a total amount of approximately $146,378.33.

2. Mr. Greer is 72 years old.

3. Mr. Greer is currently employed as an attorney with Berman Berman Berman Schneider & Lowary, LLP. His current gross annual salary is approximately $125,016.00.

4. Mr. Greer earned a Bachelor of Arts from University of California, Riverside in 1972 and his Juris Doctor from Loyola Law School, Los Angeles, California, 1987.

5. From 1983 to 1978 Mr. Greer borrowed approximately $60,000.00 in student loans while attending law school and has since repaid these loans in their entirety.

6. In 2010, Mr. Greer took a Parent Plus Loan for his eldest son to attend the University of California, Santa Cruz in the amount of $20,000.00, at a time when he and his spouse earned a combined $200,000.00 in annual income.

7. By 2012, Mr. Greer had already taken a second Parent Plus Loan in the amount of $20,000.00.

8. In 2012, he separated from his wife. At that same time, the law firm in which Mr. Greer was employed, Harris, Green & Dennison, had closed its doors, leaving him unemployed.

9. Mr. Greer quickly regained employment as of counsel to Selman Breitman with an annual salary of $172,000.00 annually.

10. When his eldest son graduated in 2013, Mr. Greer repaid approximately $24,000.00 toward the first two Parent Plus Loans.

11. In 2013, his younger son was accepted to Louis and Clark College with a partial scholarship. He and his wife agreed to split the costs of their youngest son's education and living expenses over and above his scholarship.

12. In 2013, Mr. Greer, took out a Parent Plus Loan in the amount of $17,737.00,

while keeping current on the first two Parent Plus Loans.

13. In, 2014, his employer, Selman Breitman, changed its compensation plan and Mr. Greer went from a salaried employee to an hourly based arrangement. Thereafter, his income began to fluctuate monthly, causing significant difficulties in his ability to manage his finances. He began accepting private clients to supplement his income.

14. In 2016, Mr. Greer took out an additional Parent Plus Loan in the amount of $36,340.00 and in 2018, he borrowed $21,164.00.

15. Unfortunately, Mr. Greer's income from Selman Breitman had continued to diminish. By 2017, he left the firm and financed his own practice by cashing out his individual retirement plan and several loans he took through 2019. Unfortunately, business was not consistent and marketing efforts were not sufficiently successful in the long run.

16. In 2017, he was diagnosed with prostate cancer. He began treatment and underwent biopsies in 2018 and 2019. In March 2018, he underwent a HIFU (High Intensity Focused Ultrasound) surgery. It was only partially covered by his insurance and Medicare, and he paid a $8,500 co-pay to have the procedure done.

17. In November 2017, Mr. Greer found he was unable to continue making payments on the two loans for his older son's education and requested a deferment. As of that point, he had paid approximately $24,000. The three loans for his younger son were still in forbearance.

18. By November, 2018 Mr. Greer determined he could no longer sustain his private practice and began seeking employment within a law firm. From December, 2018 through March, 2019 he was unable to find a new position.

19. During March, 2019 he was gainfully employed at his current position. He also began taking Social Security payments as of June, 2019 and received $3,309.00 per month.

20. On May 24, 2019, Mr. Greer filed a voluntary petition under Chapter 13 of the Bankruptcy Code as a result of his ongoing financial losses. Mr. Greer's Chapter 13 Plan will bring his mortgage and Homeowners Association dues current, repay his I.R.S. debts, and only repaying approximately 20% of his unsecured debts.

21. In September 2020, Mr. Greer was hired at Wools Peer Dollinger and Scher and now earns approximately $155,000 per year.

22. In October 2020, Mr. Greer developed atrial fibrillation and had to seek emergency care. He is currently on three medications to control the irregular heartbeat, and prevent stroke and/or heart attack. These medications make it very difficult for him to complete his work in a timely manner and he is extremely concerned that he will not be able to continue working until the chapter 13 bankruptcy is concluded, which would leave him with a sizable IRS debt unpaid as well as the student loans.

23. Mr. Greer had no retirement savings at the time he filed for bankruptcy. In May, 2021, he opened a small IRA account with TD Ameritrade which has a current balance of $8,545.14 as of Augus 3, 2021. That is his only retirement savings.

24. Since filing for bankruptcy protection, Mr. Greer has been able to refinance his home to remove the mortgage arrears from his plan and reduce his monthly expenses.

25. At the end of his bankruptcy case, Mr. Greer will be left with his student loans at age 75. When he retires, he will sustain himself on his Social Security and the equity in his condominium.

26. While Mr. Greer's surgery in March, 2019 was successful and he paid $8,500.00 out of pocket, he will likely require another similar procedure in the future and will incur additional costs.

27. Due to Mr. Greer's declining health, he cannot possibly continue employment and would like to retire at some point. When he does, he will not be in a financial position to repay these student loans.

28. The repayment of these debts is unduly burdensome for Mr. Greer as the sole source of income for himself and due to his health, he fears he will be unable to work in the coming years. He is already well beyond retirement age at age 72.

29. On or about May 22, 2019 the Bankruptcy Noticing Center sent notice via first class mail, among other creditors, to:

a. Navient – U.S. Department of Education Loan S, P.O. Box 740351, Atlanta, GA 30374-

0351;

b. Wells Fargo Bank, N.A., Wells Fargo Education Financial Services, 301 e. 58th Street N, Sioux Falls, SD 57104

<u>Mr. Greer's Student Loans</u>

30. Per documents dated on or about August 28, 2019 from U.S. Department of Education's Proof of Claim (Claim No. 15), the student loan debt was:

| Date | Appx. Debt | Type | Lender and/or Servicer |
|---|---|---|---|
| 08/28/2019 | $126,238.93 | Direct Parent Plus | Fedloan Servicing |

31. Per Mr. Greer's documents, (1) the current principle was $132,494.56, interest rate 11.250%, unpaid interest $3,185.00.

32. Per documents dated on or about July 9, 2019 from Wells Fargo Bank N.A.'s Proof of Claim (Claim No. 5) the student loan debt owed to Wells Fargo was:

| Date | Appx. Debt | Type | Lender and/or Servicer |
|---|---|---|---|
| 01/2015 | $17,337.66 | Private Loan | Wells Fargo Bank, N.A. |

33. Plaintiff is informed, and thereupon alleges, that the lenders of the above loans include:

a. Lender: Wells Fargo Bank, N.A.

b. Lender: US Dept. of Ed.

### FIRST CLAIM FOR RELIEF

(Determination That a Student Loan Debt is an Undue Hardship Pursuant to 11 U.S.C. §523(a)(8) and Is Thus Dischargeable)

34. Plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth herein.

35. Mr. Greer feels that his age and deteriorating health will prevent him from continuing his employment indefinitely and through the remainder of the repayment on these student loans. Should he no longer be able to work, he must sustain himself solely on his Social Security income and the equity in his condominium, as he has no other retirement savings.

36. Mr. Greer has made good-faith efforts to repay the student loans with his sole income, through repayment.

37. Mr. Greer has attempted to gain higher employment over the years and even tried entrepreneurial ventures, to no avail. Although he is currently employed, his deteriorating health will likely force his retirement before he is fully able to repay his student loans.

38. In May 2019, he filed for Chapter 13 Bankruptcy relief due to financial hardship.

39. If forced to repay the Student Loans debt, Mr. Greer cannot hope to enjoy a minimal standard of living while providing for a sustainable future in retirement because he will live solely on his Social Security income and the net proceeds from the equity in his condominium.

40. Data released by the Department of Education in 2015 indicates that nearly 57% of borrowers whose income driven plan recertification was due in a twelve-month period ending in 2014 did not recertify on time—resulting in payment amount changes and further capitalization of accrued interest. [1]

## PRAYER

WHEREFORE, Plaintiff's pray for judgment in his favor, and against Wells Fargo Bank, N.A., and US Department of Education and

That the Court issue a judgment declaring that the student loan debt is dischargeable pursuant to 11 U.S.C. § 523(a)(8);

    A. That the Court issue an order directing the defendants, to provide an accounting to Plaintiff of all payments made, and all interest accrued, since Plaintiff filed his Bankruptcy Petition on May 19, 2019;

    B. That the court issue an injunction ordering the defendants, to cease collection efforts on any debts discharged by way of this Complaint;

    C. For reasonable attorney fees and costs incurred by bringing this action; and

    D. For such other and further relief as the Court may deem just, proper, and appropriate.

---

[1] U.S. Department of Education. "Sample Data on IDR Recertification Rates for ED-Held Loans." Shared on April 1, 2015 at the second negotiated rulemaking session. http://www2.ed.gov/policy/highered/reg/hearulemaking/2015/paye2-recertification.xls.

Dated: August 23, 2021                              SURF CITY LAYWERS


                                                    By: /s/Christine A. Kingston
                                                        Christine A. Kingston,
                                                        Attorney for Plaintiff
                                                        Douglas A. Greer