TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
     Room 7516, Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3997
     Facsimile: (213) 894-7819
     Email: elan.levey@usdoj.gov
Attorneys for Defendant, United States Department of Education

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DOUGLAS A. GREER,<br><br>     Debtor. | Case No. 2:19-bk-16071-WB<br><br>Chapter 13 |
| DOUGLAS A GREER,<br><br>     Plaintiff,<br><br>  vs.<br><br>U.S. DEPARTMENT OF EDUCATION, ET AL.,<br><br>     Defendants. | Adv. No. 2:21-ap-01177-WB<br><br>**UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR: DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(8)**<br><br>Status Conference<br>Date:    April 19, 2022<br>Time:   2:00 P.M.<br>Place:   Ctrm 1375<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

///

///

///

///

United States Department of Education, a defendant herein ("Defendant"), hereby answers the *Complaint For: Determination That Student Loan Debt Is Dischargeable Pursuant to 11 U.S.C. §523(a)(8)* ("Complaint") (*Docket No. 1*), filed by Douglas A. Greer, the plaintiff herein ("Plaintiff"):

### PREFATORY STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) and Local Bankruptcy Rule 7008-1, Defendant consents to the entry of final orders or judgment by this Court.

### COMPLAINT

1. Paragraph 1 contains a characterization of the relief sought, to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein. Defendant further alleges that Plaintiff is not entitled to any relief.

### JURISDICTION AND VENUE

2. Paragraph 2 contains allegations of jurisdiction and venue as well as a characterization of this matter as a core proceeding, to which no response is required. To the extent an answer is deemed required, Defendant admits that jurisdiction is proper in the United States Bankruptcy Court for the Central District of California, that venue is proper in the United States Bankruptcy Court of the Central District of California and that this matter is a core proceeding, pursuant to 28 U.S.C. Section 157(b)(2)(I).

### BACKGROUND FACTS

*Mr. Greer's History*

1. In response to the second Paragraph 1 on page 2, Defendant admits that Plaintiff executed Master Promissory Notes on or about August 7, 2010 and July 3, 2013 to secure Federal Direct PLUS Loans (hereinafter "Federal Student Loans") from Defendant. Additionally, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90% per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90% per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Moreover, Defendant admits that as of February 4,

2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of the second Paragraph 1 on page 2, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

2. In response to second Paragraph 2 on page 2, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in second Paragraph 2 on page 2, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

3. In response to Paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

4. In response to Paragraph 4, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

5. In response to Paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

6. In response to Paragraph 6, Defendant admits that Plaintiff executed Master Promissory Notes on or about August 7, 2010 and July 3, 2013 to secure Federal Student Loans from Defendant. Additionally, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90% per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90% per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per

1  annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and
2  $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Moreover, Defendant admits
3  that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal
4  and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining
5  allegations of Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as
6  to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations.
7  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation
8  is denied.

9      7.    In response to Paragraph 7, Defendant admits that Plaintiff executed Master Promissory
10  Notes on or about August 7, 2010 and July 3, 2013 to secure Federal Student Loans from Defendant.
11  Additionally, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant
12  include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90%
13  per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90%
14  per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per
15  annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and
16  $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Moreover, Defendant admits
17  that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal
18  and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining
19  allegations of Paragraph 7, Defendant is without sufficient knowledge or information to form a belief as
20  to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations.
21  To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation
22  is denied.

23      8.    In response to Paragraph 8, Defendant is without sufficient knowledge or information to
24  form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis, Defendant
25  denies the allegations.  To the extent this Paragraph is deemed to contain allegations of material fact,
26  each and every allegation is denied.

27      9.    In response to Paragraph 9, Defendant is without sufficient knowledge or information to
28  form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that basis, Defendant

1 denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

10. In response to Paragraph 10, Defendant admits that as of February 4, 2022, $24,837.56 worth of payments have been made on the Federal Student Loans. With regard to the remaining allegations of Paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

11. In response to Paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

12. In response to Paragraph 12, Defendant admits that Plaintiff executed Master Promissory Notes on or about August 7, 2010 and July 3, 2013 to secure Federal Student Loans from Defendant. Additionally, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90% per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90% per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Moreover, Defendant admits that, as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of Paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

13. In response to Paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis, Defendant

4

1 denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

14. In response to Paragraph 14, Defendant admits that Plaintiff executed Master Promissory Notes on or about August 7, 2010 and July 3, 2013 to secure Federal Student Loans from Defendant. Additionally, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90% per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90% per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Moreover, Defendant admits that, as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of Paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

15. In response to Paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

16. In response to Paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

17. In response to Paragraph 17, Defendant admits that as of February 4, 2022, $24,837.56 worth of payments have been made on the Federal Student Loans. With regard to the remaining allegations of Paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining

5

allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

18. In response to Paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

19. In response to Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

20. In response to Paragraph 20, Defendant admits that Plaintiff filed a voluntary petition under Chapter 13 on May 24, 2019 in the underlying bankruptcy case, bearing case number 2:19-bk-16071-WB. With regard to the remaining allegations of Paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

21. In response to Paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

22. In response to Paragraph 22, Defendant admits that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of Paragraph 22, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph and its included table are deemed to contain allegations of material fact, each and every allegation is denied.

///

23. In response to Paragraph 23, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

24. In response to Paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

25. In response to Paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

26. In response to Paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

27. In response to Paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

28. In response to Paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

29. In response to Paragraph 29 and its two subparagraphs, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and its two subparagraphs, and on that basis, Defendant denies the allegations. To the extent this Paragraph and its two subparagraphs are deemed to contain allegations of material fact, each and every

allegation is denied.

*Mr. Greer's Student Loans*

30. In response to Paragraph 30 and its included table, Defendant admits that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. Further, Plaintiff admits that the Federal Student Loans are serviced by FedLoan Servicing. With regard to the remaining allegations of Paragraph 30 and its included table, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph and its included table are deemed to contain allegations of material fact, each and every allegation is denied.

31. In response to Paragraph 31, Defendant admits that proceeds of the Federal Student Loans disbursed by Defendant include $20,000.00 between September 15, 2010 through March 23, 2011, at an interest rate of 7.90% per annum; $19,741.15 between September 19, 2012 and March 27, 2013, at an interest rate of 7.90% per annum; $17,737.00 between August 26, 2013 and January 13, 2014, at an interest rate of 6.41% per annum; $36,340.00 between August 22, 2016 and January 10, 2017, at an interest rate of 6.31%; and $21,64.00 on January 23, 2018, at an interest rate of 7.00% per annum. Additionally, Defendant admits that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of Paragraph 31, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

32. In response to Paragraph 32 and its included table, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 and its included table, and on that basis, Defendant denies the allegations. To the extent this Paragraph and its included table are deemed to contain allegations of material fact, each and every allegation is denied.

///

33. In response to Paragraph 33 and its two subparagraphs, Defendant admits that Plaintiff executed Master Promissory Notes on or about August 7, 2010 and July 3, 2013 to secure the Federal Student Loans from Defendant. Further, Defendant admits that as of February 4, 2022, Plaintiff owes a cumulative total of approximately $132,494.56 in principal and accrued interest on the Federal Student Loans held by Defendant. With regard to the remaining allegations of Paragraph 33 and its two subparagraphs, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph and its two subparagraphs are deemed to contain allegations of material fact, each and every allegation is denied.

## FIRST CLAIM FOR RELIEF

(Determination That a Student Loan Debt is an Undue Hardship

Pursuant to 11 U.S.C. §523(a)(8) and Is Thus Dischargeable)

34. In response to Paragraph 34, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 33 inclusive of the Complaint set forth above.

35. In response to Paragraph 35, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

36. In response to Paragraph 36, Defendant admits that as of February 4, 2022, $24,837.56 worth of payments have been made on the Federal Student Loans. With regard to the remaining allegations of Paragraph 36, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

37. In response to Paragraph 37, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

38. In response to Paragraph 38, Defendant admits that Plaintiff filed for Chapter 13 bankruptcy in May of 2019 in the underlying bankruptcy case, bearing case number 2:19-bk-16071-WB. With regard to the remaining allegations of Paragraph 38, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the remaining allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

39. In response to Paragraph 39, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that basis, Defendant denies the allegations. To the extent this Paragraph is deemed to contain allegations of material fact, each and every allegation is denied.

40. In response to Paragraph 40 and its footnote, the quoted language speaks for itself, and therefore no response is required. To the extent that an answer is required, Defendant admits that the cited report entitled "Sample Data on IDR Recertification Rates for ED-Held Loans" reflects that 32.53% of student loan borrowers recertified within 6 months of missing their deadline and that "[t]he main purpose of the data pull was to gain a better understanding of the magnitude of the late annual income re-certification issues to help inform potential improvement measures such as the income driven communication pilot and multi-year income authorization and release."

**PRAYER**

41. The section beginning with "WHEREFORE" and the four subparagraphs thereto constitute a prayer for relief, to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein. Defendant further alleges that Plaintiff is not entitled to any relief.

42. Any allegation contained in Plaintiff's Complaint which has not been admitted, denied or accepted is hereby denied.

///
///
///
///

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief against Defendant can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The student loans owed by Plaintiff to Defendant are non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(8).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies.

**WHEREFORE**, Defendant prays for judgment as follows:

(1) That Plaintiff be denied the relief requested in the Complaint;

(2) Declaring that Plaintiff's student loan indebtedness, if any, due and owing to the United States Department of Education, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8);

(3) For costs of suit incurred herein; and

(4) For such other and further relief as the Court may deem just and proper.

Dated: March 3, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Elan S. Levey
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR: DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(8)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 3, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jillian A Benbow**          ecfcacb@aldridgepite.com, piteduncan@ecf.courtdrive.com
- **Christine A Kingston**    christine@surfcitylawyers.com, docs@surfcitylawyers.com
- **Elan S Levey**                elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 3, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 3, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2022 | JULIE MORALES | _/s/ Julie Morales_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**